UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN T. PASLEY,

    Plaintiff,                          CIVIL ACTION NO. 10-CV-11805

vs.

                                         DISTRICT JUDGE ARTHUR J. TARNOW

PATRICIA CARUSO, PATRICK,         MAGISTRATE JUDGE MONA K. MAJZOUB
NORONHA, MELISSA WHITE,
SAVITHRI KAKANI, MARGARET
QUELETTE, ROSALYN JINDAL,
RUO UNHOLD, OFFICER ELKINS,
and RUO LANGE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motions for Summary Judgment filed by Defendant Caruso on August 17, 2010 (docket no. 13) and on October 22, 2010 (docket no. 29) be **GRANTED**, and Defendant Caruso be dismissed from this action.

**II.**     **REPORT**:

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. (Docket no. 27). Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs by denying him medical treatment to alleviate discoloration, pain, and bleeding of his penis. Plaintiff sues each of the ten named Defendants in their individual and official capacities, and seeks damages in the amount of $4.4 million from each Defendant. Presently before the Court are two Motions for Summary Judgment filed by Defendant Caruso. (Docket nos. 13, 29). Plaintiff has filed a response to the motions. (Docket no. 34). All pretrial matters have been referred to the

1

undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

In his Amended Complaint Plaintiff alleges that Defendant Caruso is legally responsible for the overall operation of the Michigan Department of Corrections ("MDOC"), and has the authority and responsibility to issue and enforce policies and procedures that govern the operations of the MDOC. (Docket no. 27 at 8). He further alleges that Defendant Caruso had a chance to correct the Defendants' constitutional violations when Plaintiff submitted his grievance to her office, but that she failed to take action to rectify the situation. (Docket no. 27 at 8). Defendant Caruso argues in her Motions for Summary Judgment that she is entitled to dismissal of Plaintiff's claims on the basis of Eleventh Amendment and Qualified Immunities. (Docket no. 13 at 5). She further argues that Plaintiff has failed to allege or show that she was personally involved in the complained-of acts, or that she had actual knowledge of a breakdown in the proper working of the department and failed to perform her duties in the face of such knowledge. (Docket no. 13 at 4). She has submitted an affidavit in support of her motions. (Docket no. 13, Ex. A).

In response to Defendant Caruso's motions, Plaintiff acknowledges that he cannot demonstrate that Defendant Caruso was personally involved in the activities forming the basis of his claims. (Docket no. 34). Plaintiff therefore asks the Court to grant Defendant Caruso's Motion for Summary Judgment and remove her from this action. (Docket no. 34). This Court agrees that Defendant Caruso should be dismissed from this action. Accordingly, the Court recommends that the Motions for Summary Judgment filed by Defendant Caruso on August 17, 2010 (docket no. 13) and on October 22, 2010 (docket no. 29) be **GRANTED**, and Defendant Caruso be dismissed from

this lawsuit.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 29, 2010        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Lynn Pasley and Counsel of Record on this date.

Dated: 11/29/10                 s/ Lisa C. Bartlett
                                Case Manager