UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L‌YNN P‌ASLEY,

        Plaintiff,

v.

P‌ATRICK LNU ‌ET AL.,

        Defendants.
                                                 /

Civil Case No. 10-11805

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME [111] and [118],  ADOPTING IN PART MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [107], TERMINATING AS MOOT PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE [42], TERMINATING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [43], TERMINATING AS MOOT PLAINTIFF'S MOTION FOR WRIT [54], OVERRULING DEFENDANTS' OBJECTION [116],  DENYING DEFENDANTS ELKINS, LANGE, AND UNOLD'S MOTION FOR SUMMARY JUDGMENT [48], and STAYING CASE PENDING APPOINTMENT OF PRO BONO COUNSEL**

Before the Court are Plaintiff's Motions for Extension of Time [111] and [118, filed February 22, 2012 and March 7, 2012 respectively.  Plaintiff requests an extension of time to file objections to the Magistrate Judge's Report and Recommendation (R&R) [107] issued on February 10, 2012.

*Motion for Extension of Time*

Plaintiff's request for an extension of time to object to the R&R is be granted in part and denied in part.  Plaintiff's request is denied as to the sections of the R&R that are now moot and as to the recommendation as to Defendants' Motion [48], which will be discussed below.  Plaintiff's request for an extension of time is granted in all other respects.

Plaintiff's Motion for Order to Show Cause [42] and Plaintiff's Motion for Preliminary Injunction [43] involve Plaintiff's requests that Defendants provide proper medical care for him while he is incarcerated.  These motions are now moot because Plaintiff is no longer incarcerated.  *See* Pl.'s Mot. [111] (stating that Plaintiff has been released from prison).

Plaintiff's Motion for Writ [54] is also moot. Plaintiff requests that certain Defendants be served. The Magistrate Judge notes in her R&R that those Defendants have already been served. Therefore, a writ is unnecessary.

*Defendants Elkins, Lange, and Unold's Motion for Summary Judgment*

The Magistrate Judge also recommended that Defendants Elkins, Lange, and Unold's Motion for Summary Judgment [48] be denied. Defendants filed an Objection [116] to the Magistrate Judge's recommendation regarding Motion [48].

Defendants raise four objections: 1) that the Magistrate Judge used the wrong standard of review; 2) that Plaintiff did not create an issue of fact regarding his medical condition; 3) that the Plaintiff did not create a question of fact with respect to the subjective component of his claim; and 4) that Defendants are entitled to qualified immunity. *See* Obj. [116]. The Court disagrees and overrules Defendant's Objection [116]. Because this ruling is in Plaintiff's favor, Plaintiff's Motion for Extension of Time [111] is denied as to the recommendation regarding Defendants' Motion for Summary Judgment [48].

The standard of review set forth in Federal Rule of Civil Procedure 72(b) governs this dispositive matter. Fed. R. Civ. P. 72(b). Pursuant to that rule, "[t]he district judge in the case must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* at 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

<u>Objection #1</u>

Defendants' first objection is a failing one. Defendants argue that Plaintiff's failure to submit a separate affidavit or declaration to his response to Defendants' Summary Judgment Motion warrants a grant of the motion. Defendants point to the Magistrate Judge's reliance on the Complaint and conclude that the Magistrate Judge erred by relying on the Complaint.

Defendants' argument has been expressly rejected by the Sixth Circuit. "[S]ince plaintiff's complaint was verified, to the extent that the allegations therein are based on personal knowledge, it satisfies the requirements of [Rule 56] as an opposing affidavit." *Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985) (internal citations omitted).

Defendants offer what they call an example of the Magistrate Judge's error. *See* Obj. [116], at 3. A reading of the example, however, simply reveals a fact issue that is in dispute. Plaintiff

stated, based on his personal knowledge, that Officer Lange came to speak to him after Nurse Rider informed him of Plaintiff's issue. Am. Compl. [27], at ¶ 43. Defendants cite Officer Lange's deposition denying this allegation. Obj. [116], at 3. This is a classic factual dispute that is to be decided by the fact-finder.

### Objection #2

The second objection similarly fails. Defendants argue that the Magistrate Judge erred by recommending that a fact issue exists as to whether Plaintiff's medical condition was sufficiently serious. Obj. [116], at 3. Defendants argue that "Plaintiff fails to make a showing to the Court what his medical problem was at the time the State Defendants allegedly ignored his medical needs." Obj. [116], at 4.

Defendants' objection is focused on Plaintiff proving the ultimate issue that is to be decided by a fact-finder, which is inappropriate at the summary judgment phase. Defendants' objections amount to a summary of arguments and evidence that go against Plaintiff's claims. Defendants have not shown that there is no genuine issue of material fact. Instead, they have highlighted the fact issues that are explained in the R&R and in their own objection. Summary judgment as to the seriousness of Plaintiff's medical condition would be improper.

### Objection #3

Defendants' third objection addresses the subjective component of Plaintiff's claim. *See* Obj. [116], at 6. Defendants simply state the conclusion that the Magistrate Judge's recommendation was incorrect. This Court disagrees and adopts the Magistrate Judge's conclusion and analysis as to this issue.

### Objection #4

Defendants' fourth objection is that the state defendants are entitled to qualified immunity based on Defendants' first three objections. *See* Obj. [116], at 6-7. Because the Court disagrees with Defendants as to the other objections, Defendants' fourth objection is similarly denied.

Defendants' suggestion that this case is simply about looking for skin cream is off base and is no grounds for rejecting the Magistrate Judge's recommendation.

Considering that this ruling, overruling Defendants' Objection [116], is in Plaintiff's favor, an extension of time to object to the Magistrate Judge's recommendation as to Motion [48] is denied

and the R&R is adopted as to this issue.  Plaintiff will be afforded an extension to object to the parts of the R&R that have not been adopted by this order.

*Appointment of Counsel*

Although there is no right to counsel in civil cases, this Court will explore whether *pro bono* counsel will represent Plaintiff.  Plaintiff would benefit from the assistance of counsel.

The Court notes that "[a]ppointment of counsel in a civil case is not a constitutional right." *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  However, in its discretion, a court may appoint an attorney to represent any person unable to afford counsel, and here, Plaintiff's affidavit [5] demonstrates sufficient financial need to support the application, even considering his recent release from prison.  *See* 28 U.S.C. § 1915(e).

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Extension of Time [111] and [118] are **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff may file an objection within **THIRTY DAYS** of the date that the stay is lifted in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause [42] is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [43] is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ [54] is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Objection [116] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Report & Recommendation [107] is **ADOPTED IN PART** and Defendants' Motion for Summary Judgment [48] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is referred to the Court's *pro bono* program for the appointment of counsel.

**IT IS FURTHER ORDERED** that if reasonable efforts to assign *pro bono* counsel are unsuccessful, this matter will be returned to the Court's docket, and Plaintiffs may proceed *pro se*.

**IT IS FURTHER ORDERED** that further proceedings in this case are hereby **STAYED** pending whether counsel is appointed or Plaintiffs proceed *pro se*.

     **SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

Dated: March 22, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on March 22, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 22, 2012: **Lynn Pasley.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182
