# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LYNN PASLEY, | Civil Case No. 10-11805 |
| Plaintiff, | SENIOR UNITED STATES |
| v. | DISTRICT JUDGE |
| | ARTHUR J. TARNOW |
| PATRICIA CARUSO, ET AL., | |
| | MAGISTRATE JUDGE |
| Defendants. | MONA K. MAJZOUB |

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [107], GRANTING DEFENDANTS' MOTION TO DISMISS [91], GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT [79],TERMINATING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY [96]; TERMINATING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [82]

Before the Court are Defendants Geml, Noronha, and White's Motion to Dismiss [91], filed on October 20, 2011; Plaintiff's Motion to Compel Discovery [96], filed on November 16, 2011; Plaintiff's Motion for Leave to File Supplemental Complaint [79], filed on September 9, 2011; and Plaintiff's Motion for Preliminary Injunction [82], filed on September 12, 2011.

Magistrate Judge Majzoub addressed all above listed motions in a Report and Recommendation [107], filed on February 10, 2012. Magistrate Judge Majzoub recommended granting Defendant's Motion to Dismiss [91], finding as moot Plaintiff's Motion to Compel Discovery [96], denying in part and granting in part Plaintiff's Motion for Leave to File Supplemental Complaint [79], and denying Plaintiff's Motion for Preliminary Injunction. Defendants Geml, Noronha, and White filed an Objection [112] pertaining to the Motion to Dismiss [91], on February 23, 2012.

For the reasons stated below, the Court adopts the Report and Recommendation [107] as to Defendant's Motion to Dismiss [91], Plaintiff's Motion for Leave to File Supplemental Complaint [79], and Plaintiff's Motion to Compel Discovery [96]; and terminates as moot Plaintiff's Motion for Preliminary Injunction [82].

## Factual Background

The Magistrate Judge's Report and Recommendation provides a detailed factual background of this case. The Court adopts the Magistrate Judge's statement of facts as the factual findings of the court.

## Standard of Review

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(C). Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239 (6th Cir. 2012.). Further, in determining whether a complaint sets forth a plausible claim, a court may consider not only the allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee*

*Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005), citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir.2001).

## Analysis

**Defendants' Motion to Dismiss [91]**

Defendants move to dismiss Plaintiff's deliberate indifference claim on two grounds. First, Defendants argue that Plaintiff failed to exhaust his administrative remedies. Second, Defendants argue that Plaintiff failed to state a claim for which relief may be granted. The Magistrate Judge denied Defendants' Motion as to the first argument, and granted the Motion as to the second. Therefore, Defendants solely object to the Magistrate Judge's finding that Plaintiff successfully exhausted administrative remedies.

Defendants argue that Plaintiff's grievance #773 mentioned Defendants' names but did not make any specific allegations as to their actions or omissions. Defendants then argue that the grievance addressed an incident occurring on August 26, 2009, a date on which none of the Defendants treated Plaintiff. Defendants also note that this date is more than six to eleven months after any of the Defendants treated Plaintiff. Finally, Defendants argue that Plaintiff filed said grievance at Florence Crane Facility, where none of the Defendants treated Plaintiff.

Having reviewed the record in this case, the Court adopts the Magistrate Judge's finding as to Plaintiff's failure to state a claim, and finds no reason to address Defendants argument as to Plaintiff's failure to exhaust administrative remedies. Therefore, Defendants' Motion to Dismiss [91] is granted.

**Plaintiff's Motion for Leave to File Supplemental Complaint [79]**

No objections to the Report and Recommendation regarding this Motion were filed. Having reviewed the record in this case, the Court adopts the Report and Recommendation of the Magistrate

3

Judge as the findings and conclusions of the Court. Therefore, Plaintiff's Motion for Leave to File Supplemental Complaint is granted in part and denied in part.

**Plaintiff's Motion to Compel Discovery [96]**

Here again, no objection was filed as to the Report and Recommendation regarding this Motion. The Court has reviewed the record in this case and having dismissed Plaintiff's claims as to Defendants Geml, Noronha, and White, the Court terminates Plaintiff's Motion to Compel Discovery as moot.

**Plaintiff's Motion for Preliminary Injunction [82]**

Plaintiff requests that Defendants provide him with proper medical care. Because Plaintiff is no longer incarcerated, this motion is now moot. *See* Pl.'s Mot. [111] (stating that Plaintiff has been released from prison). The Court terminates Plaintiff's Motion for Preliminary Injunction as moot.

## Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [107] of the Magistrate Judge is hereby **ADOPTED in part**.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [91] is **GRANTED** and Plaintiff's action is **TERMINATED** as to Defendants Geml, Noronha, and White.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint [79] in **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery [96] is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [82] is **TERMINATED AS MOOT**.

**SO ORDERED.**

                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: October 2, 2012                   Senior United States District Judge

---

**CERTIFICATE OF SERVICE**

I hereby certify on October 3, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 3, 2012: **Lynn Pasley.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            District Judge Arthur J. Tarnow
                                            (313) 234-5182