## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Lynn T. Pasley, #166717,**

      **Plaintiff,**                **Civil Action No.: 10-CV-11805**

      **vs.**                    **District Judge Arthur J. Tarnow**

                                **Magistrate Judge Mona K. Majzoub**

**Patricia Caruso, et al.,**

      **Defendants.**

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [138], DENYING PLAINTIFF'S MOTION TO ENFORCE SUBPOENA [147], AND DENYING DEFENDANT'S MOTION TO COMPEL [148]

This matter comes before the Court on Plaintiff's Motion to Compel Medical Records for Review and Copying (docket no. 138), Plaintiff's Motion to Enforce Subpoena (docket no. 147), and Defendant MDOC's Motion to Compel Plaintiff's Counsel to Pay for Photocopies Requested from MDOC (docket no. 148). Defendant filed a Response to Plaintiff's Motion to Compel (docket no. 140), and Plaintiff filed a Reply (docket no. 141). Defendant filed a Response to Plaintiff's Motion to Enforce Subpoena (docket no. 150), and Plaintiff filed a Response to Defendant's Motion to Compel (docket no. 149.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Background

On May 4, 2010, Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Defendants

violated her Eighth Amendment rights by showing a deliberate indifference to her medical needs. (Docket no. 1.)  Almost two-and-a-half years later, on October 12, 2012, the Court appointed Plaintiff an attorney.  (Docket no. 128.)  On October 23, 2012, the Court held a status conference wherein the parties discussed Plaintiff's request for a copy of her medical records.  At the status conference, Defendant's counsel, James Farrell, agreed to provide Plaintiff's counsel, Daniel Manville, with Plaintiff's medical records within 30 days.

On November 20, 2012, Manville sent an email to Farrell asking when Farrell "would be getting the medical records of Plaintiff for distribution."  (Docket no. 150 at 14.)  Farrell responded that he was "still waiting for them."  (*Id.*)  On November 26, 2012, Farrell informed Manville that he had a copy of Plaintiff's medical file, which consisted of 3,667 pages; he asked Manville to remit $916.75 for the copying cost before he would deliver the file.  (*Id.* at 16.)  Manville responded 17 minutes later and indicated that Farrell was to bring the file to Manville's office, where Manville and his staff would review the documents and decide what to copy.  (*Id.*)  Farrell indicated that Defendant had already copied the file "[p]ursuant to [Manville's] request at the status conference," and that whether Plaintiff wanted the copy or not, he expected Plaintiff to pay the copying fee.  (*Id.* at 15-16.)

With no further communication, on December 6, 2012, Plaintiff filed her Motion to Compel, seeking a Court order to produce the file at Manville's office for copying.  (Docket no. 138.)  On February 26, 2013, before the Court had an opportunity to review Plaintiff's Motion, Plaintiff served a subpoena on Dr. Jeffrey Stieve,[1] commanding Dr. Stieve to produce "Either the medical record,

---

[1]Dr. Stieve is the Chief Medical Officer for Defendant MDOC.  *See* MDOC Corrections Contact Sheet, *available at* http://www.michigan.gov/documents/Corrections_121920_7.pdf.

or a copy of the medical record, of former inmate Lynn t. (sic) Pasley, 166717, for review and possible copying at [Manville's] office." (Docket no. 147-1.)  Dr. Stieve objected, through Farrell, arguing that he was not personally served, that Plaintiff failed to tender proper fees along with the subpoena, and that the request for the record was duplicative of Plaintiff's earlier request made to the MDOC.  (Docket no. 147-2.)  On March 28, 2013, Plaintiff filed her Motion to Enforce the Subpoena (docket no. 147), and on March 29, 2013, Plaintiff filed a Motion to Compel Plaintiff to pay for the photocopies (docket no. 148).

## II.    Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.

Rules 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 34(b)(2)(A).  If the receiving party fails to respond to RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially

3

justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

## III.    Analysis

The issue at hand is whether Manville requested that Plaintiff's medical record be produced for inspection or be photocopied by Defendant. Plaintiff asserts that Manville never asked Defendant to copy the documents, but even if he did, "the party responsible for production generally bears the cost," and if Defendant thought the copying fee was unduly burdensome, the proper course of action was to file a Motion for Protective Order under Rule 26; Defendant should not have made the photocopies with the expectation of receiving payment. (Docket no. 138 at 3-4.) Defendant asserts that Manville requested the copies at the status conference, that "Judges in both the Eastern District and Western District of Michigan have repeatedly ordered Mr. Manville to pay either the MDOC or the Attorney General's Office a reasonable fee" for photocopies, and that "[c]ase law in several circuits supports the MCOC's right to be reimbursed for photocopying costs." (Docket no. 148 at 6 (citing *Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161 164 (E.D. Tenn. 1986); *Riddel Sports, Inc., v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994); *Mezu v. Morgan State Univ.*, 775 F.Supp.2d 801, 805-08 (D. Md. 2011)).)

4

A brief review of the cases Defendant cites shows that they are inapplicable to the matter at hand.[2]  Moreover, Plaintiff's request for photocopies was not a formal discovery request made under Rule 34; instead, the parties chose to proceed informally.[2]  (*See* docket no. 140 at 2.)  In doing so, they also chose to proceed in good faith.  Even assuming, arguendo, that Defendant is entitled to costs for photocopies under the Rules, Defendant was well aware that Plaintiff's counsel is representing his client pro bono and that Plaintiff cannot bear the expense of production.  If Defendant was not prepared to absorb the cost of photocopying the documents at hand, Farrell should have contacted Manville to notify him of the cost before making the copies.  Additionally, the Court distinctly remembers the parties' discussion at the October 23, 2012 status conference, and the Court agrees that Manville was clear in his intent for Plaintiff to produce the medical records for inspection.  Therefore, the Court will grant Plaintiff's Motion and order Defendant to produce Plaintiff's medical records for inspection at Manville's office.[3]  With regard to Plaintiff's Motion for Enforcement of the Subpoena served on Dr. Stieve and Defendant's Motion to Compel Payment

---

[2]In *Delozier* and *Riddel Sports*, the party receiving an award of costs filed a Motion for a Protective Order under Rule 26; Defendant did not.  And in *Mezu*, "Plaintiff's counsel made clear to Defense counsel that she . . . wanted to have [the records at issue] copied and shipped to her office."  *Mezu*, 775 F.Supp.2d at 802.  That is not the case here.  Moreover, even when awarding copying fees in *Delozier*, the Court noted that "a district court *may order* that a party seeking discovery pay a portion of the expense" and that such an order is only appropriate "if after [inspecting the records], the [party seeking discovery] desire[s] that portions be photocopied."  *Delozier*, 109 F.R.D. at 164 (emphasis added).

[2]Even if Plaintiff's request were made formally, Rule 34 only requires Defendant "to produce and permit [Plaintiff or her] representative to inspect [or] copy" the records; nothing in Rule 34 requires Defendant to make photocopies.  If Defendant believes that photocopying the record was the only possible method of production and that such production carried an undue expense, Defendant could have objected or filed a Motion for Protective Order under Rule 26.

[3]Defendant may, in lieu of providing the records for inspection, provide Plaintiff with the photocopied version of the medical records currently at issue.

of Costs, the Court's decision herein renders these Motions moot, and therefore, the Court will deny the same.

Additionally, through their various Motions, Defendant has requested sanctions against Manville for serving the subpoena on Dr. Stieve for documents that Defendant already agreed to produce, and Plaintiff has requested sanctions against Farrell for Defendant's failure to provide the documents as promised. The Court is mindful of Manville's frustration in not receiving the documents as requested and in the Court's near-three-month delay in ruling on Plaintiff's Motion. But serving a subpoena on a third-party individual for documents that Defendant has already agreed to produce, while not wholly improper, was ill-conceived. Defendant had already refused to produce the documents without payment, and Manville could not have expected Defendant's employee (whom he should have expected would respond through Farrell) to produce the same documents. Thus, at a minimum, Plaintiff's subpoena and accompanying Motion to Enforce caused Defendant to serve and file responses that reiterate its earlier requests for payment. On the other side of the same coin, however, Plaintiff's multiple attempts to obtain the records at issue would have been unnecessary if Farrell had called Manville to inform him that the copying fee was going to approach nearly $1,000.00. Simply put, had the attorneys communicated properly, the three Motions and the subpoena at issue would have been unnecessary. Therefore, the parties are equally at fault, and the Court will not award sanctions against either party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [56] is **GRANTED**. Defendant is Ordered to produce Plaintiff's medical records for inspection at Manville's office within 14 days.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Subpoena [147] is

6

**DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel [148] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 11, 2013          s/ Mona K. Majzoub_____
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 11, 2013           s/ Lisa C. Bartlett_____
                                Case Manager

7