**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Lynn T. Pasley, #166717,**

    **Plaintiff,**                     **Civil Action No.: 10-CV-11805**

    vs.                             **District Judge Arthur J. Tarnow**

                                    **Magistrate Judge Mona K. Majzoub**

**Patricia Caruso, et al.,**

    **Defendants.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [152], GRANTING IN PART AND DENYING IN PART MDOC'S MOTION FOR MODIFICATION OR CLARIFICATION [153], DENYING PLAINTIFF'S MOTION TO STRIKE [155], AND GRANTING DEFENDANT WHITE'S MOTION TO REOPEN DISCOVERY [157]**

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents from Defendants Unold, Lange, and Elkins (docket no. 152), MDOC's Motion for Modification and/or Clarification of the Court's April 11, 2013 Opinion and Order Compelling Production (docket no. 153), Plaintiff's Motion to Strike MDOC's Motion (docket no. 155), and Defendant White's Motion to Reopen Discovery for 120 Days as to Defendant White only (docket no. 157). Defendants Unold, Lange, and Elkins did not file a Response to Plaintiff's Motion to Compel.[1] Plaintiff, in addition to his Motion to Strike, filed a Response to MDOC's Motion for

---

[1]Plaintiff filed his Motion to Compel on April 11, 2013. (Docket no. 152.) "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Further, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). Defendants' Response to Plaintiff's Motion was due no later than April 25, 2013. Therefore, the Court could grant Plaintiff's Motion as unopposed. Nevertheless, because the Motion requests discovery

1

Clarification or Modification. (Docket no. 154). Defendants Unold, Lange, and Elkins, and Plaintiff, each filed Responses to Defendant White's Motion to Reopen Discovery. (Docket nos. 158 and 159.)

All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.   MDOC's Motion for Clarification or Modification [153] and Plaintiff's Motion to Strike [155]

On May 4, 2010, Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Defendants violated her Eighth Amendment rights by showing a deliberate indifference to her medical needs. (Docket no. 1.) Almost two-and-a-half years later, on October 12, 2012, the Court appointed Plaintiff an attorney. (Docket no. 128.) On October 23, 2012, the Court held a status conference wherein the parties discussed Plaintiff's request for a copy of her medical records. At the status conference, Defendant's counsel, James Farrell, agreed to provide Plaintiff's counsel, Daniel Manville, with Plaintiff's medical records within 30 days.

Instead of providing the documents in good faith, MDOC photocopied the 3,667-page record and insisted that Plaintiff pay for the photocopying before MDOC would produce it. Counsel was unable to resolve the dispute amicably, so Plaintiff filed a Motion to Compel (docket no. 138), and MDOC filed a Motion to Compel payment (docket no. 148). Meanwhile, Plaintiff also attempted

---

from a third party, the Court will address the substantive merits of Defendants' initial responses to Plaintiff's Request for Documents.

to subpoena the documents from MDOC's Chief Medical Officer, and when he failed to produce the documents, Plaintiff filed a Motion to Enforce the Subpoena. (Docket no. 147.)

On April 11, 2013, the Court entered an Opinion and Order granting Plaintiff's Motion to Compel production of the records and ordering "Defendant . . . to produce Plaintiff's medical records for inspection at Manville's office within 14 days." (Docket no. 151 at 6.) The Court also noted that "Defendant may, in lieu of providing the records for inspection, provide Plaintiff with the photocopied version of the medical records currently at issue." (*Id.* at 5 n.3.)

On April 19, 2013, MDOC filed its instant Motion for Clarification or Modification contending that MDOC is not a "Defendant" in this matter and, therefore, the Order should be modified so that MDOC is directed to provide the records instead of one of the individual Defendants. (Docket no. 153 at 4.) Additionally, MDOC requests that the Court modify the Order so that Plaintiff is required to appear at the MDOC facility to inspect the records instead of producing them at Manville's office. (*Id.*)

The directive in the Court's April 11, 2013 Order requiring "Defendant" to produce the records was clear based on the rationale included therein. Attorney Farrell represents the Michigan Department of Corrections and Defendants Elkins, Unold, and Lange. When the Parties conferred during their October 23, 2012 Status Conference, Attorney Farrell agreed to produce the records at issue, regardless of whether they were being produced by one of the individual Defendants or MDOC. Nevertheless, MDOC is correct that the Court's Order would have been clearer if it had ordered MDOC to produce the Documents instead of "Defendant." Therefore, the Court will so

modify its order herein.[2]

MDOC also requests, however, that the Court order production of the documents pursuant to Fed. R. Civ. P. 45(d)(1)(A) because the MDOC is a non-party and, therefore, would have been subject to a subpoena for production instead of a request for production under Fed. R. Civ. P. 34. (Docket no. 153 at 3.) Notably, though, the Court specifically found that "Plaintiff's request for photocopies was not a formal discovery request made under Rule 34; instead, the parties chose to proceed informally." (Docket no. 151 at 5 (citation omitted).) The Court will, therefore, reiterate that when the parties chose to proceed informally, they agreed to do so in good faith. The court will not modify its' order with regard to the location of the production of records.[3]

## II. Defendant White's Motion to Reopen Discovery [157]

In her Motion, Defendant White sets forth the procedural history with regard to her participation in this matter. (Docket no. 157 at 2.) In sum, Defendant White was dismissed from this matter on October 3, 2012, but was reinstated on May 9, 2013. (*Id.* (citing Docket nos. 124 and 156.) After Defendant White was dismissed from this matter, on October 23, 2012, the Court set the following dates as part of an Amended Scheduling Order: Final Witness List: 3/19/13; Discovery Cut Off: 4/19/13; Discovery Motion Cut Off: 5/3/13; and Dispositive Motion Cut Off: 5/20/13. (Docket no. 131.)

---

[2]For this reason, the Court will deny Plaintiff's request for sanctions due to MDOC's Motion. (*See* docket no. 154 at 3-4.) The Court will also deny Plaintiff's Motion to Strike MDOC's Motion.

[3]MDOC notes that it offered to provide Plaintiff with the entire photocopied record free of charge if Plaintiff would agree to a stipulation to vacate the Court's April 11, 2013 Order. Defendant does not acknowledge MDOC's offer in his Response or Motion to Strike, but the Court notes that such an agreement would be acceptable under it's April 11, 2013 Order.

Having not been a party to this matter between filing her Motion to Dismiss and the close of discovery, Defendant White now asks the Court to reopen discovery for 120 days (as to Defendant White only) and to adjourn the remaining deadlines accordingly. (Docket no. 157 at 3.) Defendants Elkins, Unold, and Lange do not object. (Docket no. 158.) Plaintiff does not object to reopening discovery but contends that 60 days would be appropriate because "Defendant White had an opportunity to engage in discovery before [her] motion to dismiss was granted." (Docket no. 159 at 2.)

Defendant White's attorneys filed an appearance on her behalf in this matter on July 6, 2011. (Docket nos. 63, 64, and 65.) On August 3, 2011, the Court entered a Scheduling Order setting a discovery cut-off date of February 24, 2012; on August 10, 2011, the Court amended that date to February 10, 2012. (Docket nos. 74 and 75.) Defendant White filed her Motion to Dismiss two months later, on October 20, 2011. (Docket no. 91.) The next day, the Court ordered that "discovery relative to Plaintiff's claims against Defendants will be stayed pending consideration of Defendants' [Elkins, Lange, and Unold] summary judgment motion." (Docket no. 92.) On February 10, 2012, the undersigned issued a Report and Recommendation recommending that the Court grant Elkin, Lange, and Unold's Motion for Summary Judgment and Defendant White's Motion to Dismiss. (Docket no. 107.) The Court then adjourned the dispositive motion deadline and noted that it would issue a new Scheduling Order once its Report and Recommendation had been resolved. (Docket no. 117.) On March 22, 2012, the case was stayed pending appointment of counsel for Plaintiff. (Docket no. 119.) The case was reopened on August 21, 2012, and the Court officially dismissed Defendant White from the action on October 3, 2012. (Docket nos. 121 and 124.)

Defendant White's only opportunity to conduct meaningful discovery appears to have been between the time of her initial appearance (July 6, 2011) and the Court's stay of discovery pending resolution of the other Defendants motion for summary judgment (October 21, 2011). The Court would not expect Defendant White to conduct discovery (1) pending the resolution of her own Motion to Dismiss while discovery was stayed with regarded to the remaining parties or (2) while her own Motion to Dismiss was pending an order with regard to a Report and Recommendation in her favor. Moreover, even if Defendant White had conducted discovery during that time, the remaining Defendants were granted nearly six months of formal discovery, from the time of the Court's Amended Scheduling Order (October 23, 2012) until the official close of discovery (April 19, 2013). (*See* docket no. 131.) Defendant White's request for 120 days to complete discovery is not unreasonable. Therefore, the Court will grant Defendant White's Motion.

**III.    Plaintiff's Motion to Compel [152]**

On February 18, 19, and 26, 2013 (respectively), Plaintiff sent Requests for Documents to Defendants Unold, Lange, and Elkins. (Docket nos. 152-3, -4, and -5.) Defendants responded identically (with the exception of their names) to the requests at issue in Plaintiff's Motion. (*Id.*) In his Request for Documents, Plaintiff requested (in relevant part) the following:

> 3. Provide a copy of MDOC Policy Directive 04.17.112 (and all attachments thereto) (Prisoner Personal Property) effective during the relevant time period.
>
> 4. Provide all Florence Crane Correctional Facility (ACF) operating procedures effective during the relevant time period with respect to prisoner personal property.
>
> 5. Provide copies of Director's Office memoranda regarding prisoner personal property that were issued during the relevant time period.
>
> 6. Provide copies of the MDOC Policy Directive(s) from the relevant time

6

period that permitted officer to confiscate prisoner's expired prescription medication.

7. Provide copies of the ACF operating procedure(s) effective during the relevant time period that permitted officer to confiscate prisoners' expired prescription medication.

8. Provides copies of Director's Office Memoranda regarding prisoners' expired prescription medication that were issued during the relevant time period.

9. Provide copies of the MDOC Policy Directive(s) effective during the relevant time period that governed the disposition of confiscated prisoner medication.

10. Provide copies of the ACF operating procedure(s) effective during the relevant time period that governed the disposition of confiscated prisoner medication.

11. Provide a copy of MDOC Policy Directive 04.05.120 (and all attachments thereto) (Segregation Standards) that was effective during the relevant time period.

12. Provide copies of the ACF operating procedure(s) from the relevant time period that governed segregation standards.

13. Provide copies of Director's Office memoranda regarding segregation standards that were issued during the relevant time period.

14. Provide copies of the RUO log books for Plaintiff's housing until on October 26, 2009 (23:00 hours) to October 29, 2009 (23:59 hours).

15. Provide copies of the temporary segregation log book for October 26, 2009 (23:00 hours) to October 29, 2009 (23:59 hours).

16. Provide copies of documents that show how MDOC disposed of Plaintiff's medication that was confiscated during the relevant time.

17. Provide copies of all documents that show Plaintiff was moved to temporary segregation.

18. Provide copies of all documents of Plaintiff's misconduct violations in the last three (3) years.

19. Provide copies of Plaintiff's grievances with regard to this litigation, along

>   with MDOC responses to those grievances.

(*Id.* at 3-7.)  With regard to Request Nos. 3, Defendants each responded as follows:

>   MDOC policy directives are available to Plaintiff at the prison law library, and are available to Plaintiff's counsel on the Michigan Department of Corrections' website.

(*Id.* at 3.)  With regard to Request No. 4, Defendants each responded as follows:

>   [Defendant] does not have possession, custody, or control of the requested documents.

(*Id.*)  With regard to Request No. 5, Defendants each responded as follows:

>   [Defendant] does not have possession, custody, or control of the requested documents.  DOM's are available on the MDOC's website.

(*Id.*)  With regard to Request No. 6, Defendants each responded as follows:

>   [Defendant] does not have possession, custody, or control of the requested documents.  As noted above, MDOC policy directives are available online.

(*Id.*)  And with regard to Request Nos. 7 through 19, Defendants each responded as follows:

>   [Defendant] does not have possession, custody, or control of the requested documents.  These can be obtained from the MDOC.

(*Id.* at 4 - 7.)[4]

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably

---

[4] Plaintiff argues that these "boilerplate objections to Rule 34 document requests are inappropriate." (Docket no. 152 at 5.)  As Plaintiff's own brief makes clear, however, "boilerplate objections" is a term generally used to refer to objections asserting that discovery requests are irrelevant, overly broad, unduly burdensome, or oppressive. (*Id.* at 5-6.)  Defendants made no such objections here.  Instead, Defendants made the factual assertions that they do not have the requested documents in their possession, custody, or control; they did not object to the requests.  Therefore, the Court will deny Plaintiff's Motion on these grounds.

8

calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Rules 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 34(b)(2)(A). If the receiving party fails to respond to RFPs, Rule 37 provides the party who served the discovery requests with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Under Rule 34(a), a party may request the production of documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, *or has the legal right to obtain the documents on demand*." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1665) (emphasis added) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo.1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill.1980)). "In light of the Rule's language, '[a] party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information

9

reasonably available to him from his employees, agents, or others subject to his control.'" *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) (Rosen J.) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind.1992) (internal quotation marks and citation omitted)).[5] But "'[t]he relationship between the party and the person or entity having *actual* possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession.'" *Gen. Environ. Science Corp. v. Horsfall*, 25 F.3d 1040 (Table), *15 n.15 (quoting *United States v. Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991)). And "[t]he party seeking production of documents bears the burden of proving that the opposing party has [such] control." *Robert Bosch, LLC v. Snap-On Inc.*, No. 12-11503, 2013 WL 823330, *1 (E.D. Mich. Mar. 6, 2013) (Cleland, J.) (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir.1989)).

Plaintiff argues that "[i]f the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in possession of a non-party." (Docket no. 152 at 2.) Plaintiff asserts that Defendants Unold, Lange, and Elkins have the practical ability to obtain the documents from MDOC by simply requesting the documents. (*Id.* at 2-3.) In support of this assertion, Plaintiff notes that in response to his Request No. 2 (asking for a curriculum vitae, resume or similar record from each Defendant), Defendants each responded with "a document provided by the MDOC's Human Resources Department." (Docket nos. 152-3, -4, -5 at 2.)

---

[5]The Court noted in *Flagg*, that "[s]ome courts have adopted a more expansive notion of 'control,' finding that it extends to circumstances where a party has the 'practical ability to obtain the documents from a nonparty to the action.'" *Flagg*, 252 F.R.D. at 353 n.16 (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y.1997)).

While Plaintiff's argument is logically sound, the Sixth Circuit has not adopted this "expansive notion of control." *See Flagg*, 252 F.R.D. at 353 n.16. And while Defendants could undoubtedly ask MDOC for the documents in question, Plaintiff has not met his burden of proving that Defendants have the ability to "command the release" of these documents. Plaintiff acknowledges this burden and asserts that "it seems manifest that documents containing information about policies relating to the interaction of staff with various groups of prisoners could easily be obtained from the prison, particularly where those documents and policies inform the defendants as to the performance of their jobs." (Docket no. 152 at 4.) The Court agrees with Plaintiff that this information "could easily be obtained," but unlike their previous agreement with regard to the medical records at issue herein, counsel did not agree to produce these documents informally. Thus, Plaintiff should have "easily obtained" these documents through a third-party subpoena under Fed. R. Civ. P. 45 rather than expecting Defendants to do so under Rule 34.[6] Therefore, the Court will deny Plaintiff's Motion. Nevertheless, because MDOC has continually exhibited its interest in this litigation and because the Court has herein reopened discovery with respect to Defendant White, the Court will also permit Plaintiff to serve a single subpoena on third-party MDOC requesting such documents under Fed. R. Civ. P. 45 notwithstanding the close of discovery.

**IT IS THEREFORE ORDERED** that MDOC's Motion for Clarification or Modification of the Court's April 11, 2013 Order [153] is **GRANTED IN PART** and **DENIED IN PART** in accordance with this opinion. MDOC is, therefore, ordered to produce Plaintiff's medical records

---

[6]As a secondary argument, Plaintiff contends that MDOC can be ordered to produce the requested discovery because MDOC "has control of this litigation." (*Id.* at 3.) Plaintiff cites to *Hayles v. Wheatherford*, 2010 WL 4739484 (E.D. Calif. 2010) in support of this contention, but *Hayles* relies on the party's "practical ability to obtain the documents," a principle that the Court has already declined to adopt herein.

11

for inspection within 14 days in accordance with the terms of the Court's April 11, 2013 Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Docket no. 153 [155] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant White's Motion to Extend Discovery [157] is **GRANTED**. Discovery will be reopened for 120 days with respect to Defendant White only. Discovery with regard to all other parties will remain closed. The Court will also enter an Amended Scheduling Order reflecting the following deadlines with regard to Defendant White only:

- Final Witness List:      July 27, 2013
- Discovery Cutoff:      August 27, 2013
- Discovery Motion Cutoff:      September 10, 2013
- Dispositive Motion:      September 27, 2013

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [152] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve MDOC with a single subpoena under Fed. R. Civ. P. 45 for documents that he previously requested from Defendants Unold, Lange, and Elkins as discussed herein.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 16, 2013         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 16, 2013           s/ Lisa C. Bartlett
                              Case Manager